IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51108
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR HOLGUIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-98-CR-107-18
--------------------
March 22, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hector Holguin appeals his conviction and sentence following a jury trial in which he was found guilty of several counts of drug and money laundering offenses.

Holguin first argues that the district court erred in grouping his offenses. The district court did not commit plain error on this issue, as the offenses all threatened the same societal interest. See U.S.S.G. § 3D1.2. Holguin's second

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is that the district court erred in increasing his offense level for his role in the offense. The district court did not so err, as trial testimony showed that at least five persons were involved in the offense and that Holguin managed and supervised at least one of them. See U.S.S.G. § 3B1.1.

Holguin's third and final argument is that the district court erred in failing to dismiss one count of the indictment as multiplicitous, as it involved the same substantive offense for which Holguin was punished in a prior count. The district court did not err in not dismissing the allegedly multiplicitous count. The counts of which Holguin complains involve the conspiracy to commit money laundering and the substantive offense of money laundering. "[A] substantive crime and a conspiracy to commit that crime are not the same for double jeopardy purposes." United States v. Brown, 29 F.3d 953, 957. Accordingly, the judgment of the district court is AFFIRMED.